UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE FERID ALLANI'S SUBPOENA TO SCOTT HERZ, IN THE MATTER:<br><br>FERID ALLANI,<br><br>        Plaintiff,<br><br>        v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 25-mc-80370-VKD<br><br>**ORDER GRANTING MOTION TO QUASH SUBPOENA**<br><br>Re: Dkt. No. 1 |

In this miscellaneous action, non-party Scott Herz moves to quash a deposition subpoena issued by Ferid Allani in connection with a case in the Western District of Texas. Dkt. No. 1. Mr. Allani opposes the motion to quash. The Court held a hearing on the motion on December 23, 2025. Dkt. No. 7.

Having considered the moving and responding papers, and the oral argument presented, the Court grants the motion to quash the subpoena.

**I.    BACKGROUND**

Mr. Allani is the plaintiff in a patent infringement action, *Allani v. Apple Inc.,* Case No. 6:24-cv-0304-ADA, pending in the Western District of Texas ("Texas action"). In that action, Mr. Allani contends that Apple infringes two patents directed to a user interface that "enhance[s] the accessibility of application-based internet resources from a mobile device." Dkt. No. 1-3 ¶ 30. U.S. Patent No. 8,271,877 ("the '877 patent") issued on September 18, 2012, and U.S. Patent No. 10,943,058 ("the '058 patent) issued on March 9, 2021. *Id.* ¶¶ 13, 16. Both patents claim priority to an application for a related French patent dated December 30, 1999. *Id.* ¶¶ 15, 18. The '877 patent expired on April 18, 2024, and the '058 patent expired on July 27, 2021. *Id.* ¶¶ 14, 17.

Mr. Allani filed the Texas action filed on June 3, 2024. Dkt. No. 1-3. According to the schedule set in that action, the parties were required to complete fact discovery by November 26, 2025. *Allani v. Apple Inc.,* Case No. 6:24-cv-0304-ADA, Dkt. No. 18 at 4.

On October 11, 2025, Mr. Allani served subpoenas for documents and a deposition on Scott Herz. Dkt. No. 1 at 3. Mr. Herz is a former employee of defendant Apple. *Id.* He worked at Apple from 1999 until August 2016. Dkt. No. 1-6 ¶ 2. From 1999 until 2009, Mr. Herz worked on the user interface software for Apple's iPhone. *Id.* ¶ 3. He is one of five named inventors on an Apple patent, U.S. Patent No. 11,126,321 ("the Apple '321 patent"), directed to methods and devices for presenting user interface elements on a touch-sensitive display responsive to a user's gestures. Dkt. No. 4-1 (*see, e.g.,* Abstract, claims 1, 11). Mr. Herz attests that he has no documents regarding his work on the user interface, was never involved in licensing discussions for any patents on which he was a named inventor, and recalls no discussions relating to prosecution of the application that became the Apple '321 patent. Dkt. No. 1-6 ¶¶ 6, 7, 9.

## II.   LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure governs discovery of non-parties. The scope of allowable discovery under Rule 45 is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cnty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, No. 16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 advisory committee note (1970)). Rule 26 permits discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). However, Rule 45 also requires "[a] party or attorney responsible for issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and instructs that "[t]he court for the district where compliance is required must enforce this duty . . . ." Fed. R. Civ. P. 45(d)(1); *see also* Fed. R. Civ. P. 45(d)(3)(A). Additionally, Rule 26 provides that the court must limit

1  discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other
2  source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P.
3  26(b)(2)(C)(i).

4       A non-party may move to quash or modify a subpoena under Rule 45(d)(3)(A) if it:
5  (1) fails to allow a reasonable time to comply, (2) requires a person to comply beyond the
6  geographical limits specified in Rule 45(c), (3) requires disclosure of privileged or other protected
7  matter, if no exception or waiver applies, or (4) subjects a person to undue burden. "The Ninth
8  Circuit has long held that nonparties subject to discovery requests deserve extra protection from
9  the courts." *Lemberg Law LLC v. Hussin*, No. 3:16-mc-80066-JCS, 2016 WL 3231300, at *5
10 (N.D. Cal. June 13, 2016) (quotation omitted); *see United States v. C.B.S., Inc.*, 666 F.2d 364, 371
11 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and
12 discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation
13 to which they are not a party."). Courts in this district have consequently held that "[o]n a motion
14 to quash a subpoena, the moving party has the burden of persuasion . . ., but the party issuing the
15 subpoena must demonstrate that the discovery sought is relevant." *Chevron Corp. v. Donziger*,
16 No. 3:12-mc-80237-CRB, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (citation omitted);
17 *see also Optimize Tech. Solutions, LLC v. Staples, Inc.*, No. 5:14-mc-80095-LHK, 2014 WL
18 1477651, at *2 (N.D. Cal. Apr. 14, 2014) ("The party issuing the subpoena must demonstrate that
19 the information sought is relevant and material to the allegations and claims at issue in the
20 proceedings.") (quotation omitted).

21 **III.    DISCUSSION**

22      Mr. Herz moves to quash Mr. Allani's deposition subpoena on two grounds. First, Mr.
23 Herz argues that he has no (or minimally) relevant knowledge pertinent to the Texas action.
24 Second, he argues that requiring him to submit to a deposition is unduly burdensome, particularly
25 where the information Mr. Allani seeks can be obtained directly from Apple. Mr. Allani opposes
26 the motion on the merits, and additionally contends that Mr. Herz's motion should be denied as
27 untimely.
28

**A.     Whether the Motion to Quash Is Timely**

Mr. Allani asserts, and Mr. Herz does not disagree, that the deposition subpoena had a "return date" of November 18, 2025.[1]  Dkt. No. 4 at 4.  Ordinarily, a deposition subpoena recipient cannot avoid compliance with an otherwise valid subpoena unless he files a motion to quash or modify the subpoena or a motion for a protective order before the date set for compliance.  *See* Fed. R. Civ. P. 45(d)(3), 26(c).  Mr. Allani argues that Mr. Herz should have moved to quash the subpoena before November 18, 2025, and his present motion, filed November 21, 2025, is three days late.  Dkt. No. 4 at 4-5.  Mr. Herz responds that his motion is not untimely because he communicated his objections to the subpoena in writing to Mr. Allani within 14 days of receiving it, conferred with him about why the deposition should not be taken, and when it became clear the objections could not be resolved, filed a motion to quash within days of the date noticed for his deposition.  Dkt. No. 6 at 6-7.

The record before the Court reflects that on October 15, 2025, shortly after service of the subpoena on Mr. Herz, his counsel sent written objections with a cover email to Mr. Allani's counsel, explaining why Mr. Herz had no relevant information to share in a deposition and arguing that he should not be deposed before discovery was obtained from Apple.  Dkt. No. 1-5 at ECF 3-4.  Mr. Herz's counsel asked to confer with Mr. Allani's counsel about these objections, and indicated that if Mr. Allani did not withdraw the deposition subpoena, Mr. Herz intended to move to quash it.  *Id.* at ECF 4.  On November 20, 2025, two days after the date originally noticed for Mr. Herz's deposition, Mr. Allani's counsel wrote to Mr. Herz's counsel: "I do not see that I responded to this email [i.e., the October 15, 2025 email].  But I do believe that we discussed why Allani believes Mr. Herz is a relevant witness on a prior meet and confer.  Please let us know if Mr. Herz is intending to comply with the subpoena, intending to move to quash, or whether a further meet and confer is necessary.  Many thanks."  *Id.* at ECF 3.  Mr. Herz's counsel replied by email the same day, summarizing the parties' conference, stating that Mr. Herz planned to file a motion to quash "shortly," and inviting a further conference "to see if we can reach any

---

[1] Neither Mr. Allani nor Mr. Herz provided a copy of the deposition subpoena to the Court.

4

1  resolution." *Id.* at ECF 2. It is not clear whether Mr. Allani's counsel responded to this email or
2  whether there were any additional conferences. Mr. Herz filed his motion to quash the next day.
3        In these circumstances, the Court does not find Mr. Herz's motion to quash untimely.
4  Upon receipt of Mr. Allani's deposition subpoena, Mr. Herz promptly objected to it and attempted
5  to confer with Mr. Allani about it. Those discussions appear not to have reached any definite
6  conclusion before the date noticed from Mr. Herz's deposition. In any event, it appears that, given
7  counsels' discussions, Mr. Allani did not expect Mr. Herz to appear for deposition on November
8  18, 2025, and even inquired whether "further meet and confer is necessary." *Id.* at ECF 3. The
9  Court faults neither Mr. Allani nor Mr. Herz for their efforts to resolve this dispute informally.
10 While a subpoena recipient may not avoid compliance through inaction and then later raise
11 objections to it, that is not what happened here. Rather, Mr. Herz and Mr. Allani attempted to
12 resolve their differences without court intervention, and when those efforts proved unsuccessful,
13 Mr. Herz promptly filed his motion to quash. *See In re Motion to Compel Compliance With a*
14 *Subpoena AD Testificandum Lynk Labs, Inc.*, No. 23-mc-80018-VKD, 2023 WL 2311948, at *1
15 (N.D. Cal. Feb. 28, 2023) (finding non-party's motion to quash not untimely in similar
16 circumstances).[2]

### B. Whether the Subpoena Seeks Relevant Information

Mr. Allani argues that Mr. Herz's deposition testimony is relevant to claims and defenses in the Texas action in three respects. First, Mr. Allani asserts the Mr. Herz is "familiar with how the user interface for the first iPhone worked," given his work on the iPhone user interface between 1999 and 2009. Dkt. No. 4 at 5. He argues that it is important to his damages case to show that "iPhones sold before the '877 patent issued [in 2012] work in a similar manner as those sold post-issuance," and that he expects Mr. Herz's testimony will establish that Apple's pre-issuance use of accused features contributed to the commercial success of the iPhone and that alternative designs were infeasible or less desirable. *Id.* at 6 (citing *Georgia-Pacific* factors 8, 9,

---

[2] As Mr. Herz observes, the cases on which Mr. Allani principally relies concern untimely motions to quash filed by *parties* who claimed an interest in the subject of a subpoena directed to a *non-party*.

5

10, and 11).

Second, Mr. Allani asserts that because Mr. Herz is a named inventor on a number of Apple user interface patents, he has "technical knowledge relevant to assessing the use, value and technical comparability of his Apple patents" with respect to the patents asserted in the Texas action. *Id.* at 7.

Third, Mr. Allani asserts that the Apple '321 patent on which Mr. Herz is a named inventor is "highly comparable" to the asserted '877 patent. *Id.* at 7. He argues that Mr. Herz's testimony as an engineer about the state of user interface technology in 2007, when the application for the '321 patent was filed, will "refute" Apple's allegations that similar technology claimed in the '877 patent was well understood, routine, and conventional in 1999. *Id.* at 8.

Mr. Herz responds that none of the information Mr. Allani seeks is relevant to the Texas action. He argues that he ceased working on the iPhone user interface many years before the '877 patent issued and well before Apple released the first accused product in 2018, and thus his knowledge concerning design choices made for the first iPhone user interface are not relevant to any issue in the case. Dkt. No. 1 at 5; Dkt. No. 6 at 3-4. In addition, while Mr. Herz acknowledges that he is a named inventor on several Apple patents, including the '321 patent, he emphasizes that he had no role in the prosecution or licensing of any of these patents. Dkt. No. 6 at 3. Moreover, he argues that the royalty rates at issue for patents involved in the multi-patent dispute between competitors Apple and Samsung, to which Mr. Allani refers in his papers, have no bearing on the dispute between Mr. Allani and Apple in the Texas action, and that Mr. Allani has not shown that the Apple/Samsung patents are in any way comparable. *Id.* at 3-4. Finally, Mr. Herz points out that Mr. Allani's claims about the similarities between the Apple '321 patent and the '877 patent are based on a false comparison—i.e. Mr. Allani compares the *claims* of the '877 patent with disclosures in the *specification* of the Apple '321 patent. He argues that the "touch screen" and "swipe gesture" *claims* of the '321 patent are very different, and that statements made during prosecution of the '321 patent are irrelevant to Apple's patent ineligibility arguments about the claims of the '877 patent. *Id.* at 4-5.

With respect to the question of relevance, the Court agrees with Mr. Herz that to the extent

6

Mr. Allani wishes to obtain deposition testimony about Apple's statements during the prosecution of its own patents, or about Mr. Herz's personal beliefs concerning the value or desirability of certain design features included in the first Apple iPhone user interface, Mr. Allani does not seek information that is relevant to a claim or defense in the Texas action. Conversely, to the extent Mr. Allani seeks information about the design and operation of the Apple iPhone user interface during the time period before issuance of the '877 patent and leading up to the date of the hypothetical negotiation in 2012, such information may be relevant to Mr. Allani's damages claims. Similarly, to the extent Apple has engaged in licensing of comparable technology, which may or may not include patents on which Mr. Herz is an inventor, information about the royalty rates paid or obtained for such technology may also be relevant to Mr. Allani's damages claims.

### C.  Whether the Subpoena Would Subject Mr. Herz to Undue Burden

Mr. Herz argues that, in addition to seeking irrelevant information, Mr. Allani's deposition subpoena imposes an undue burden on him, both because he no longer recalls any pertinent information from his work for Apple and because it is unfair to burden him with discovery that should be obtained in the first instance from Apple directly. Dkt. No. 1 at 5-7; Dkt. No. 6 at 2-6. Mr. Allani responds that he has attempted to seek discovery from Apple but Apple has not yet made its witnesses available for deposition. Dkt. No. 4 at 9. Mr. Allani also argues that "there is no reason to think that Apple has the same information as Mr. Herz." *Id.*

The Court agrees with Mr. Herz that requiring him to submit to a deposition, even on subjects that may be relevant, is unduly burdensome in the circumstances presented. Not only is Mr. Herz a former employee who claims to have no present recollection of the matters about which Mr. Allani seeks testimony, but there has been no showing that Mr. Herz has or had unique information that cannot be obtained directly from Apple. Certainly, Apple can, from its own records, provide information (if relevant) about the design and operation of early versions of the iPhone user interface, Apple's prosecution of the '321 patent, and Apple's licensing of technology comparable to the asserted patents. While it is possible that Mr. Allani could, with time and effort on his part and Mr. Herz's, refresh Mr. Herz's recollection about some matters during a deposition, the information Mr. Allani seeks can be obtained with much greater efficiency by

7

means of a Rule 30(b)(6) deposition or other discovery from Apple. Indeed, during the oral argument on this motion, Mr. Allani's counsel indicated it was his intention and preference to obtain discovery of Apple in the first instance. Dkt. No. 7; *see also* Dkt. No. 4 at 8. As explained at the hearing, Apple has not provided deposition testimony yet because of an underlying dispute concerning Mr. Allani's infringement contentions in the Texas action, which the parties to that action are attempting to resolve.

In these circumstances, there is no justification for requiring Mr. Herz to incur the time and expense of providing deposition testimony.

## IV.  CONCLUSION

For the reasons explained above, the Court grants Mr. Herz's motion to quash Mr. Allani's deposition subpoena.

**IT IS SO ORDERED.**

Dated: January 2, 2026

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge